**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 26-60766-mmp |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. __-____________ |
| v. | § | |
| | § | |
| TESLA, INC., | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1334 and 1452, Federal Rule of Bankruptcy Procedure 9027, and Local Rule 9027-1, Defendant Tesla, Inc. ("Tesla") files this *Notice of Removal* to the United States Bankruptcy Court for the Western District of Texas to be heard as an adversary proceeding in connection with that certain bankruptcy case pending as in *In re Angstrom Aluminum Castings Texas, LLC*, Case No. 26-60766-mmp (the "Bankruptcy Proceeding"). The Adversary Proceeding Cover Sheet is attached hereto as **Exhibit A**. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a), Tesla hereby provides "a short and plain statement of the facts that entitle [Tesla] to remove":

## I. THE STATE COURT ACTION AND BANKRUPTCY PROCEEDING

1. On July 23, 2026, Plaintiff/Debtor Angstrom Aluminum Castings Texas, LLC ("AAC-Texas") filed an Original Petition against Tesla in the District Court for the 146th Judicial

District of Bell County, Texas in a lawsuit styled *Angstrom Aluminum Castings Texas, LLC v. Tesla, Inc.*, Cause No. 26DCV363291 (the "State Court Action"). A true and correct copy of all available papers in the State Court Action, including AAC-Texas's Original Petition, is attached hereto as **Exhibit B**.[1] Tesla was served with the State Court Action on July 28, 2026.

2. The Original Petition asserts claims for promissory estoppel, declaratory judgment regarding ownership and possession of tooling and equipment, and declaratory judgment regarding the enforceability of Tesla's General Terms and Conditions. *See* **Ex. B-1** ¶¶ 38-72.

3. As remedies for its claims, AAC-Texas seeks to recover: (1) reliance damages under its promissory estoppel claim, (2) declaratory relief regarding ownership and possession of disputed tooling and equipment, (3) declaratory relief regarding whether Tesla's General Terms and Conditions govern the parties' relationship, (4) reasonable and necessary attorneys' fees and costs, (5) prejudgment and postjudgment interest, (6) costs of court, and (7) all other relief to which it may be entitled. **Ex. B-1** at 11-12.

4. On July 28, 2026, Tesla removed the State Court Action to the United States District Court for the Western District of Texas on the basis of diversity jurisdiction. *See Angstrom Aluminum Castings Texas, LLC v. Tesla, Inc.*, No. 6:26-cv-00485-CRW-DNM, at Dkt. No. 1 (W.D. Tex. July 28, 2026). AAC-Texas and Tesla then agreed to remand the case back to the District Court for the 146th Judicial District of Bell County, Texas on July 30, 2026. *See id.* at Dkt. No. 8. Based on when the remand was docketed, Tesla's deadline to answer in the State Court Action is August 21, 2026.

---

[1] Exhibit B includes all papers except for the Order of Remand from the United States District Court filed on August 6, 2026, which Tesla is in the process of retrieving from the Clerk in the State Court Action. A copy of the request for that Order filed by Tesla is attached as **Exhibit B-6**. A supplement to this Notice of Removal will be filed upon receipt of the Order of Remand.

5. On August 4, 2026, AAC-Texas initiated the Bankruptcy Proceeding by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the Western District of Texas, Austin Division. The Bankruptcy Proceeding was initially assigned Cause No. 26-11543-cgb. On August 10, 2026, Judge Bradley ordered that the Bankruptcy Proceeding be transferred to the Waco Division of the United States Bankruptcy Court for the Western District of Texas because AAC-Texas's principal place of business is within that division. *See In re Angstrom Aluminum Castings Texas, LLC*, No. 26-11543-cgb, at Dkt. No. 15 (Bankr. W.D. Tex. Aug. 10, 2026). The operative Cause No. is now 26-60766-mmp.

## II. BASIS FOR REMOVAL

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(b) because AAC-Texas's claims against Tesla are "related to" AAC-Texas's case under the Bankruptcy Code.

7. Under Section 1334, the district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or ***related to*** cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). "Related to" jurisdiction is the "broadest category" and "exists where the outcome of the proceeding could conceivably have an effect on the debtor's estate." *In re Chesapeake Energy Corp.*, 70 F.4th 273, 281 (5th Cir. 2023) (quotations omitted). "Certainty, therefore, is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TMT Procurement Corp.*, 764 F.3d 512, 526 (5th Cir. 2014) (quotations omitted).

8. Because causes of action owned by a debtor become property of the estate upon a bankruptcy filing pursuant to 11 U.S.C. § 541(a), "[p]roceedings 'related to' the bankruptcy

include (1) causes of action owned by the debtor. . . ." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5 (1995); *see also In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (explaining that "related to" jurisdiction "is primarily intended to encompass tort, contract, and other legal claims by and against the debtor").

9. Here, the State Court Action is a civil proceeding instituted by the debtor (AAC-Texas) before it filed for bankruptcy. The causes of action asserted by AAC-Texas are now property of the estate. 11 U.S.C. § 541(a). The State Court Action is thus "related to" the Bankruptcy Proceeding under 28 U.S.C. § 1334. *See Celotex*, 514 U.S. at 307 n. 5.

10. As a result, Tesla removes the State Court Action pursuant to 28 U.S.C. § 1452(a) because this Court has jurisdiction of the State Court Action. *See* 28 U.S.C. § 1452(a) (permitting removal of "any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").

11. Removal to this Court, the United States District Court for the Western District of Texas, Waco Division, is proper because this Court's jurisdiction includes the District Court for the 146th Judicial District of Bell County, Texas where the State Court Action is currently pending. *See* 28 U.S.C. § 1452(a) (requiring removal to the district court where the civil action is pending). Venue is also proper in this Court because it is where the Bankruptcy Proceeding is pending. *See* 28 U.S.C. § 1409(a) (permitting commencement of cases related to title 11 proceedings in the district court where such proceeding is pending).

12. And, although not required for this removal, the State Court Action could have originally been initiated in the United States District Court for the Western District of Texas because the Parties are completely diverse and the amount in controversy exceeds $75,000.

13. The Notice of Removal is timely under Federal Rule of Bankruptcy Procedure

9027(a)(2)(A) because it is filed within 90 days of the Bankruptcy Proceeding being initiated.

## III. COMPLIANCE WITH LOCAL AND FEDERAL RULES

14. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(B), Tesla hereby states that it does not consent to the bankruptcy court's entry of a final judgment or order.

15. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1)(C) and Local Rule 9027-1(b)(2), true and correct copies of all papers that have been filed in the State Court Action, including all process and pleadings, are attached as **Exhibit B**.

16. Pursuant to Local Rule 9027-1(b)(1), the following information is attached as **Exhibit C**: "(i) list all names and addresses of the parties, (ii) designate on which parties service of process has been accomplished, and (iii) list the name, address, and telephone number of the counsel for every party."

17. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), this Notice of Removal will be served on AAC-Texas and filed with the Clerk for the 146th Judicial District of Bell County, Texas.

## IV. CONCLUSION

18. Because the State Court Action "relates to" the Bankruptcy Proceeding, this Court has jurisdiction over this action and removal is appropriate. Tesla submits this Notice of Removal without waiving any defenses as to the claims asserted by AAC-Texas or the right to compel arbitration, without conceding that AAC-Texas has pled claims upon which relief can be granted, and without admitting that AAC-Texas is entitled to injunctive, declaratory, or monetary relief whatsoever.

WHEREFORE, Defendant Tesla, Inc. hereby removes the underlying State Court Action from the District Court for the 146th Judicial District of Bell County, Texas to the United States Bankruptcy Court for the Western District of Texas.

August 21, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland
Texas Bar No. 24040542
jason.boland@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-3769
Facsimile: (713) 651-5246

Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Kayla Ahmed
Texas Bar No. 24136691
kayla.ahmed@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026 a true and correct copy of the foregoing Notice of Removal was served by this Court's CM/ECF system on all parties registered to receive such notice in the above-captioned case.

*/s/Jason L. Boland*
Jason L. Boland