# Exhibit B-2

**July 28, 2026 – Defendant's Notice of Filing Notice of Removal**

Filed 7/28/2026 7:47 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Shannon White , Deputy

CAUSE NO. 26DCV363291

| | | |
|---|---|---|
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| v. | § | BELL COUNTY, TEXAS |
| TESLA, INC. | § | |
| *Defendant*. | § | 146TH JUDICIAL DISTRICT |

**NOTICE OF FILING NOTICE OF REMOVAL**

Please take notice that Defendant Tesla, Inc. ("Defendant") has, pursuant to 28 U.S.C. § 1332, removed the above-captioned case to the United States District Court for the Western District of Texas by filing with the Clerk of the Court a *Notice of Removal*, a copy of which is attached as an exhibit to this notice as **Exhibit 1** and which bears the cause number for the new federal proceeding and includes Plaintiff's *Original Petition*.

Defendant therefore files this notice promptly, in accordance with 28 U.S.C. § 1446(d), to alert both the Plaintiff and the Court of its filing of the *Notice of Removal*, which effects the removal of this action as of today, July 28, 2026. Pursuant to Section 1446(d), "the State court shall proceed no further unless and until the case is remanded."

146TH DISTRICT COURT
BELL COUNTY, TEXAS
FWD TO CC 07.29.26 MW

July 28, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Marc B. Collier*
Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Kayla Ahmed
Texas Bar No. 24136691
kayla.ahmed@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Plaintiff Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served in accordance with the Texas Rules of Civil Procedure on July 28, 2026 on the following counsel of record:

Liara A. Silva
State Bar No. 24117923
lsilva@fritzbyrne.law
**FRITZ BYRNE, PLLC**
402 West Seventh St
Austin, Texas 78701
Telephone: (512) 476-2020
Telecopy: (512) 477-5267

**AND**

Todd A. Holleman (MI Bar P57699)
(Impending Pro Hac Vice Request)
hollemant@millerjohnson.com
Miller Johnson
500 Woodward Ave., Suite 3600
Detroit, MI 48226
313-672-6939

*Attorneys for Angstrom Aluminum Castings Texas, LLC*

*/s/Marc B. Collier*
Marc B. Collier

# **Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Angstrom Aluminum Castings Texas, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 6:26-cv-00485 |
| v. | § | |
| | § | Jury Trial Demanded |
| Tesla, Inc., | § | |
| | § | |
| *Defendant*. | § | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Tesla, Inc. ("Tesla") files this *Notice of Removal* to invoke the jurisdiction of this Court and removes Cause Number 26DCV363291 from the District Court for the 146th Judicial District of Bell County, Texas to this Court. This case is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446(a), Tesla hereby provides "a short and plain statement of the grounds for removal":

## I. PROCEDURAL BACKGROUND

1. On July 23, 2026, Plaintiff Angstrom Aluminum Castings Texas, LLC ("Angstrom") filed an *Original Petition* against Tesla in the District Court for the 146th Judicial District of Bell County, Texas in a lawsuit entitled *Angstrom Aluminum Castings Texas, LLC v. Tesla, Inc.*, Cause No. 26DCV363291 (the "State Court Action"). A true and correct copy of Angstrom's *Original Petition* in the State Court Action is attached hereto as **Exhibit A** (the "*Original Petition*"). As of the date and time of this filing, Tesla has not been served with the *Original Petition* or any other process or pleadings from the State Court Action.

2. The filing of this *Notice of Removal* is timely, as it is filed before Tesla was served with a summons or the *Original Petition* and is otherwise within the period set by 28 U.S.C. §

1446(b).

3. Tesla is the only defendant in the State Court Action. Because no other defendants have been named, no other parties are required to consent to this *Notice of Removal*. *See* 28 U.S.C. § 1441(a). Additionally, no further proceedings have taken place in the State Court Action besides the filing of the *Original Petition*.

## II. VENUE

4. Pursuant to 28 U.S.C. § 1441(a), the jurisdiction of the Waco Division of the United States District Court for the Western District of Texas includes the District Court for the 146th Judicial District of Bell County, Texas where the State Court Action is currently pending. This Court is therefore the proper venue to remove the State Court Action.

## III. SUMMARY OF ORIGINAL PETITION

5. Angstrom's *Original Petition* asserts claims for promissory estoppel, declaratory judgment regarding ownership and possession of tooling and equipment, and declaratory judgment regarding the enforceability of Tesla's General Terms and Conditions. *See* **Ex. A** ¶¶ 38-72.

6. As remedies for its claims, Angstrom seeks to recover: (1) reliance damages under its promissory estoppel claim, (2) declaratory relief regarding ownership and possession of disputed tooling and equipment, (3) declaratory relief regarding whether Tesla's General Terms and Conditions govern the parties' relationship, (4) reasonable and necessary attorneys' fees and costs, (5) prejudgment and postjudgment interest, (6) costs of court, and (7) all other relief to which it may be entitled. **Ex. A** at 11-12.

## IV. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

7. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action is between citizens of different States, and the amount in

controversy exceeds $75,000, exclusive of interests and costs.

**A. The Parties Are Completely Diverse.**

8. For purposes of determining jurisdiction, this action is between a limited liability company and a corporation. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state of which any of its members is a citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9. Based on the allegations in Angstrom's *Original Petition*, Angstrom is a Delaware limited liability company. *See* **Ex. A** ¶ 2. Upon information and belief, Angstrom's sole member is a Michigan limited liability company named Angstrom September 2024 Holdings, LLC, which has as its sole member a corporation named Angstrom Group, Inc. Upon information and belief, and based on publicly available records, Angstrom Group, Inc. is a Michigan corporation and has its principal place of business in the State of Michigan. Angstrom is therefore a citizen of the State of Michigan.

10. Tesla is a Texas corporation with its principal place of business at 1 Tesla Road, Austin, Texas 78725. *See* **Ex. A** ¶ 3. Tesla is therefore a citizen of the State of Texas.

11. Because Angstrom is a citizen of the State of Michigan and Tesla is a citizen of the State of Texas, complete diversity exists between the parties as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

**B. The Amount in Controversy Exceeds $75,000.**

12. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs …" 28 U.S.C. § 1332(a). The amount in controversy is determined by the "sum demanded in good faith in the initial pleading . . . " or, if

the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment and state law permits recovery in excess of amount demanded, the notice of removal may assert the actual amount in controversy to establish diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(2).

13. Angstrom asserts that it seeks monetary relief in an amount over $1,000,000, far exceeding the Court's $75,000 amount in controversy threshold. **Ex. A** ¶ 4.

14. Angstrom also seeks non-monetary relief. *See* **Ex. A** ¶¶ 49-72. Tesla asserts that the amount in controversy for Angstrom's non-monetary relief also exceeds the Court's $75,000 amount in controversy threshold.

**C. Tesla Removed Before Being Served**

15. Because Tesla has not been served, the State Court Action is properly removable to this Court in accordance with 28 U.S.C. § 1332(a). *See Anaya v. Schlumberger Tech. Corp.*, No. 24-20170, 2024 WL 50003579, at *3 (5th Cir. Dec. 6, 2024) ("As this court concluded in *Texas Brine*, § 1441(b)(2) is unambiguous and ***inapplicable until the defendant is served***. Thus, the plain language of § 1441(b)(2), i.e., "properly joined and served," ***creates an exception allowing removal by even a forum defendant prior to being served with process***.") (emphasis added).

16. As of the date and time of the this filing, Tesla has not been served with the *Original Petition* or any other process or pleadings.

17. Tesla's removal of the State Court Action to this Court is therefore proper.

## V. <u>CONCLUSION</u>

18. Because the parties are citizens of different states, the amount in controversy exceeds $75,000, and Tesla removed the State Court Action before it was served with the *Original Petition*, this Court has diversity jurisdiction over this action and removal is appropriate.

WHEREFORE, Defendant Tesla, Inc. hereby removes the underlying State Court Action

from the District Court for the 146th Judicial District of Bell County, Texas to the U.S. District Court for the Western District of Texas.

July 28, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Marc Collier*
Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Kayla Ahmed
Texas Bar No. 24136691
kayla.ahmed@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Defendant Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, a copy of the foregoing document was electronically filed via Pacer. Notice of this filing was also sent via overnight mail to the following counsel of record:

Liara A. Silva
State Bar No. 24117923
lsilva@fritzbyrne.law
**FRITZ BYRNE, PLLC**
402 West Seventh St
Austin, Texas 78701
Telephone: (512) 476-2020
Telecopy: (512) 477-5267

**AND**

Todd A. Holleman (MI Bar P57699)
(Impending Pro Hac Vice Request)
hollemant@millerjohnson.com
Miller Johnson
500 Woodward Ave., Suite 3600
Detroit, MI 48226
313-672-6939

*Attorneys for Angstrom Aluminum Castings Texas, LLC*

_______*/s/Marc Collier*_________________
Marc Collier

# **Exhibit A**

Filed 7/23/2026 1:18 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by MaryBeth DeLeon , Deputy

CAUSE NO. 26DCV363291

| | | |
|---|---|---|
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 146th JUDICIAL DISTRICT |
| TESLA, INC.<br>Defendant. | §<br>§ | BELL COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Angstrom Aluminum Castings Texas, LLC ("Angstrom"), files this Original Petition against Defendant Tesla, Inc. ("Tesla"), and for its causes of action would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff Angstrom Aluminum Castings Texas, LLC is a Delaware limited liability company doing business from a manufacturing facility located at 222 Lely Dr., Troy, TX 76579.

3. Defendant Tesla, Inc. is a Delaware corporation with its principal place of business at 1 Tesla Road, Austin, Texas 78725 and may be served through its registered agent, C T Corporation, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III. STATEMENT OF RELIEF SOUGHT

4. Plaintiff seeks monetary relief in an amount over $1,000,000. The damages sought are within the jurisdictional limits of the Court.

## IV. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. Venue is proper in Bell County, Texas because all or a substantial part of the events giving rise to this action occurred in Texas, Defendant maintains its principal place of business in Texas, and Defendant is subject to personal jurisdiction in this State.

## V. FACTUAL ALLEGATIONS

7. Plaintiff is a manufacturer of automotive parts.

8. This action arises from Tesla's promise that Angstrom would receive a multi-year production program involving the purchase of specified quantities of component parts and Angstrom's reasonable reliance upon those promises.

9. Tesla knew and intended that Angstrom would rely upon those representations by making substantial capital expenditures necessary to develop manufacturing capability for Tesla's programs.

10. In reliance upon Tesla's promises and representations, Angstrom invested substantial sums in engineering, facilities, manufacturing equipment, tooling, production capacity, personnel, fixtures, launch activities, and related manufacturing resources.

11. Tesla subsequently failed to purchase the quantities of parts that it had represented would be purchased over the life of the program.

12. As a result, Angstrom was unable to recover its capital expenditures through the quoted piece prices, which were based upon the anticipated production volumes and the amortization of those investments over the expected life of the program.

13. Angstrom has suffered substantial damages as a direct result of Tesla's conduct.

14. During the parties' relationship, Tesla issued purchase orders that referenced Tesla's General Terms and Conditions.

15. Those purchase orders expressly provided that Tesla was under no obligation to issue purchase orders or releases and further provided that any quantities stated therein were provided for planning purposes only, were not volume guarantees, and were binding only in limited circumstances not applicable here.

16. Tesla, therefore, expressly declined to commit to purchasing any definite or specific quantity of parts from Angstrom.

17. Notwithstanding Tesla's refusal to commit to purchasing any definite quantity of parts, Tesla now contends that its General Terms and Conditions (GTC") govern the parties' relationship and provide Tesla with contractual rights concerning tooling and equipment.

18. Tesla, in reliance on its GTC, has demanded access to Angstrom's manufacturing facility for the purpose of taking possession of tooling and equipment that Tesla claims to own.

19. Tesla has failed and refused to identify with reasonable specificity the tooling and equipment it claims to own.

20. Tesla has likewise failed and refused to establish that it paid for all tooling and equipment that it claims to own.

21. Certain tooling and equipment were acquired by Angstrom in anticipation of Tesla's production requirements. Angstrom disputes whether Tesla has acquired ownership of such tooling because, among other reasons, Tesla has not established payment for the tooling and ownership of the tooling remains disputed.

22. Tesla nevertheless continues to assert that it is contractually entitled to enter Angstrom's premises and remove tooling and equipment based upon provisions contained in Tesla's GTC.

23. An actual and justiciable controversy therefore exists between the parties regarding:

a. ownership of the disputed tooling and equipment;

b. Tesla's right, if any, to immediate possession of such tooling and equipment;

c. whether Tesla is entitled to enter Angstrom's facility to remove tooling and equipment; and

d. whether Tesla's General Terms and Conditions constitute enforceable contractual obligations governing the parties' relationship.

24. Plaintiff seeks declaratory relief to resolve these present and actual controversies before Tesla undertakes self-help or otherwise interferes with Angstrom's possession of disputed tooling and equipment and operations to manufacture parts Tesla promised to purchase.

25. Tesla engaged Angstrom to develop and manufacture component parts for Tesla vehicles.

26. Tesla represented that Angstrom would receive a multi-year production program involving specified production quantities.

27. Tesla knew those representations were material because Angstrom's pricing depended upon anticipated production volumes sufficient to recover substantial capital investments.

28. Tesla knew Angstrom would incur substantial engineering, launch, staffing, manufacturing, tooling, validation, and production readiness costs before production could begin.

29. Tesla further knew that Angstrom's quoted piece prices assumed recovery of those investments through the anticipated production volumes over the life of the program.

30. Tesla reasonably expected Angstrom to rely upon those representations.

31. In reliance upon Tesla's promises and representations, Angstrom developed manufacturing processes, committed manufacturing capacity, acquired tooling and equipment, incurred engineering and launch costs, dedicated personnel, and made substantial capital expenditures necessary to support Tesla's anticipated production requirements.

32. Angstrom would not have incurred those expenditures absent Tesla's promises concerning anticipated production volumes.

33. Angstrom fully performed by developing the required manufacturing capability and remains ready, willing, and able to supply Tesla's production requirements.

34. Tesla thereafter failed to purchase the quantities of parts it represented would be purchased although Angstrom supplied the minimal parts Tesla did order and received a 99/100 on its supplier scorecard from Tesla for 2026.

35. Tesla's failure prevented Angstrom from recovering its substantial investments through the agreed piece prices.

36. Angstrom has sustained substantial reliance damages as a direct and foreseeable result of Tesla's conduct.

37. Tesla’s attempt to now take equipment and tooling from Angstrom is the ultimate bad faith tactic to eliminate any ability by Angstrom to recover its capital expenses and other costs through the manufacture and sale of parts to Tesla.

**COUNT I**
**PROMISSORY ESTOPPEL**

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

39. Tesla made clear and definite promises and representations to Angstrom that Angstrom would receive a multi-year production program involving specified production quantities, and the prices for those parts were set in reliance on Tesla’s promises and representations.

40. Tesla made those promises intending and expecting that Angstrom would rely upon them in determining whether to undertake the program and invest substantial sums necessary to manufacture Tesla's parts.

41. Tesla knew that Angstrom would incur substantial engineering expenses, launch costs, manufacturing costs, tooling costs, equipment purchases, capital expenditures, staffing expenses, and production readiness costs in reliance upon Tesla's promises.

42. Angstrom reasonably and foreseeably relied upon Tesla's promises by making substantial investments and committing manufacturing resources necessary to support Tesla's anticipated production requirements.

43. Angstrom materially changed its position in reliance upon Tesla's promises.

44. Tesla thereafter failed to issue purchase orders for the production quantities that it represented Angstrom would receive.

45. As a direct and proximate result of Tesla's failure to honor its promises, Angstrom was unable to recover its substantial investments through the quoted piece prices that had been calculated based upon the anticipated production volumes.

46. Angstrom has suffered substantial reliance damages as a result of its reasonable reliance upon Tesla's promises.

47. Enforcement of Tesla's promises through an award of reliance damages is necessary to avoid injustice.

48. Plaintiff seeks recovery of its reliance damages, including unrecovered capital expenditures, engineering expenses, tooling costs, equipment costs, launch costs, staffing costs, manufacturing investments, and other expenditures incurred in reliance upon Tesla's promises in amounts to be proven at trial in excess of $2.9 million from January to March 2026 alone and over $9 million in 2025.

**COUNT II**
**DECLARATORY JUDGMENT**
**(Ownership and Possession of Tooling and Equipment)**

49. Plaintiff incorporates by reference Paragraphs 1 through 48 as though fully set forth herein.

50. This claim is brought pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

51. An actual, present, and justiciable controversy exists between the parties concerning ownership of tooling and equipment used or acquired in connection with Tesla's manufacturing programs.

52. Tesla has asserted that it owns certain tooling and equipment located at Angstrom's manufacturing facility.

53. Tesla has demanded access to Angstrom's facility for the purpose of taking possession of such tooling and equipment.

Case 6:26-cv-00485 Document 1-1 Filed 08/20/26 Page 9 of 14

54. Angstrom disputes Tesla's claims of ownership and has asked for specific proof of Tesla's ownership.

55. Tesla has failed and refused to identify with reasonable specificity the tooling and equipment it contends it owns.

56. Tesla has further failed and refused to establish that it has paid for all tooling and equipment that it claims to own.

57. Angstrom disputes Tesla's claimed ownership of certain tooling and equipment because, among other reasons, Tesla has not established payment for such tooling or otherwise demonstrated its ownership thereof. There are several examples of situations where Tesla directed Angstrom to purchase equipment, which Angstrom did, but Tesla never verified or approved that equipment for production (PPAP) and, thus, on information and belief, Tesla never paid for the equipment.

58. Until ownership of the disputed tooling and equipment is determined, Tesla is not entitled to take possession of such tooling or equipment or to enter Angstrom's premises for that purpose.

59. The parties possess adverse legal interests regarding ownership and possession of the disputed tooling and equipment, and those interests are real and immediate rather than hypothetical.

60. A judicial declaration is necessary to resolve the uncertainty and controversy between the parties.

Plaintiff therefore requests that the Court declare:

A. that an actual controversy exists concerning ownership of the disputed tooling and equipment;

B. that Tesla bears the burden of establishing its ownership of any tooling and equipment it claims;

C. that Tesla is not entitled to possession of disputed tooling and equipment unless and until it establishes its ownership thereof;

D. that Tesla is not entitled to enter Angstrom's manufacturing facility for the purpose of removing disputed tooling and equipment unless and until Tesla establishes its ownership rights;

E. that the parties' respective ownership interests in the disputed tooling and equipment be determined by the Court; and

F. such other declarations as the Court determines are proper and just.

**COUNT III**
**DECLARATORY JUDGMENT**
**(Tesla's General Terms and Conditions)**

61. Plaintiff incorporates by reference Paragraphs 1 through 60 as though fully set forth herein.

62. This claim is brought pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

63. There is no overarching written supply agreement between the parties.

64. Tesla contends that its General Terms and Conditions referenced by its purchase orders govern the parties' relationship and provide Tesla with contractual rights concerning, among other things, ownership of tooling and equipment and Tesla's alleged right to enter Angstrom's facility to take possession of such tooling and equipment.

65. Tesla’s purchase orders expressly provided that nothing therein required Tesla to issue any purchase order or release to Angstrom.

Case 6:26-cv-00485 Document 1-1 Filed 07/28/26 Page 11 of 24

66. The purchase orders further provided that any quantities referenced therein were provided for planning purposes only, were not volume guarantees, and would become binding only under limited circumstances not applicable to the parties' dealings.

67. Tesla therefore expressly declined to commit itself to purchasing any definite or specific quantity of parts from Angstrom.

68. Angstrom contends that Tesla's purchase orders did not create enforceable long-term supply agreements obligating Tesla to purchase the production volumes represented during the parties' negotiations because they expressly deny any obligation to purchase anything, and Tesla's conduct has demonstrated that it has not and will not purchase the volumes it promised to obtain the pricing that it did from Angstrom.

69. Angstrom further contends that because Tesla's purchase orders did not create enforceable contractual obligations regarding production quantities, Tesla's General Terms and Conditions were not incorporated into an enforceable agreement governing the parties' relationship in the manner asserted by Tesla.

70. Tesla nevertheless relies upon its General Terms and Conditions as the basis for asserting contractual rights to enter Angstrom's facility and take possession of tooling and equipment.

71. The parties therefore possess adverse legal interests concerning whether Tesla's General Terms and Conditions govern their relationship and whether Tesla may rely upon those provisions to assert ownership or possessory rights in tooling and equipment.

72. An actual, present, and justiciable controversy exists between the parties requiring judicial resolution.

Plaintiff therefore requests that the Court declare:

A. that an actual controversy exists concerning whether Tesla's General Terms and Conditions govern the parties' relationship;

B. that Tesla's purchase orders did not obligate Tesla to purchase any definite quantity of parts;

C. that Tesla is not entitled to rely upon its General Terms and Conditions as the basis for asserting contractual rights unless Tesla establishes the existence of an enforceable agreement incorporating those provisions;

D. that Tesla is not entitled to rely upon its General Terms and Conditions as authority to enter Angstrom's facility or remove disputed tooling and equipment unless and until Tesla establishes that those terms govern the parties' relationship; and

E. such other and further declaratory relief as the Court determines is proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angstrom Aluminum Castings Texas, LLC respectfully requests that Defendant Tesla, Inc. be cited to appear and answer, and that upon final trial the Court enter judgment in Plaintiff's favor and award:

A. Reliance damages recoverable under Plaintiff's claim for promissory estoppel;

B. A declaration determining the parties' respective rights concerning the ownership and possession of the disputed tooling and equipment;

C. A declaration determining whether Tesla's General Terms and Conditions govern the parties' relationship and whether Tesla may rely upon those provisions to assert rights concerning the disputed tooling and equipment;

D. Reasonable and necessary attorney's fees and costs to the extent permitted by applicable law, including the Texas Uniform Declaratory Judgments Act;

E. Prejudgment and post-judgment interest as allowed by law;

F. Costs of court; and

G. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**FRITZ BYRNE, PLLC**
402 West 7th Street
Austin, Texas 78701
Telephone: (512) 476-2020
Fax: (512) 477-5267

BY: */s/ Liara A. Silva*
Liara A. Silva
State Bar No. 24117923
Email: lsilva@fritzbyrne.law

**AND**

Todd A. Holleman (MI Bar P57699)
(Impending *Pro Hac Vice* Request)
Miller Johnson
500 Woodward Ave., Suite 3600
Detroit, MI 48226
Email: hollemant@millerjohnson.com
Telephone: (313) 672-6939

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

April Morton on behalf of Liara Silva
Bar No. 24117923
amorton@fritzbyrne.law
Envelope ID: 117738184
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION BY SILVA
Status as of 7/27/2026 8:22 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Todd A. Holleman | | hollemant@millerjohnson.com | 7/23/2026 1:18:41 PM | NOT SENT |
| Brenda Damron | | bdamron@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |
| Eaton Sargent | | esargent@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |
| April Morton | | amorton@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |
| Christine EBurgess | | cburgess@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |
| Keri Anderson | | kanderson@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |
| Liara Silva | | lsilva@fritzbyrne.law | 7/23/2026 1:18:41 PM | NOT SENT |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Angstrom Aluminum Castings Texas, LLC

**(b)** County of Residence of First Listed Plaintiff: Oakland County, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Liara Silva, Fritz Byrne, PLLC, 402 W. 7th St., Austin, Texas 78701, (512) 476-2020; Todd A. Holleman, Miller Johnson, 500 Woodward Ave., Suite 3600, Detroit, MI.

## DEFENDANTS

Tesla, Inc.

County of Residence of First Listed Defendant: Travis County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Marc B. Collier, Ethan Glenn, Kayla Ahmed, Norton Rose Fulbright US LLP, 98 San Jacinto Blvd., Ste. 1100, Austin, Texas 78701, (512) 474-5201

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC 1332

Brief description of cause:
Business dispute.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** More than $1,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE U.S. Dist. Judge Christopher Wolfe DOCKET NUMBER 6:26-cv-00477-CRW-DNM

DATE: 07/28/2026
SIGNATURE OF ATTORNEY OF RECORD: /s/Marc B. Collier

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angi Williamson on behalf of Marc Collier
Bar No. 792418
angi.williamson@nortonrosefulbright.com
Envelope ID: 117928756
Filing Code Description: Notice
Filing Description: NOTICE OF FILING NOTICE OF REMOVAL - GIVE TO JINA
Status as of 8/4/2026 8:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christine EBurgess | | cburgess@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| Keri Anderson | | kanderson@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| Liara Silva | | lsilva@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| April Morton | | amorton@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| Brenda Damron | | bdamron@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| Eaton  Sargent | | esargent@fritzbyrne.law | 7/28/2026 7:47:29 PM | SENT |
| Todd A. Holleman | | hollemant@millerjohnson.com | 7/28/2026 7:47:29 PM | SENT |
| Ethan Glenn | | ethan.glenn@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |
| Angi Williamson | | angi.williamson@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |
| Marc Collier | | marc.collier@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |
| Cindy Salgado | | cindy.salgado@nortonrosefulbright.com | 7/28/2026 7:47:29 PM | SENT |