**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 26-60766-mmp |
| Debtor. | § | |

---

| | | |
|---|---|---|
| | § | |
| ANGSTROM ALUMINUM CASTINGS TEXAS, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. 26-06013-mmp |
| v. | § | |
| | § | |
| TESLA, INC., | § | |
| | § | |
| Defendant. | § | |

**MOTION OF TESLA, INC.**
**<u>TO WITHDRAW THE REFERENCE</u>**

Tesla, Inc. ("Tesla") files this *Motion to Withdraw the Reference* with respect to the above-captioned adversary proceeding, and in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT AND SUMMARY OF REQUESTED RELIEF**

1. Consistent with the District Court's prior withdrawal of the reference with respect to "all issues relating to the Tesla Tooling" (*see Tesla, Inc. v. Angstrom Automotive, Inc.*, Civil Action No. 6:26-cv-00477-CRW-DNM (the "Federal Action"), Dkt. No. 34 at 2), Tesla seeks withdrawal of the reference in the above-captioned adversary proceeding (the "Adversary Proceeding"), so that it may proceed before the Honorable Christopher R. Wolfe, U.S. District Court Judge (the "District Court"). The Tesla Tooling is at the heart of this Adversary Proceeding which arises from Tesla's removal of a pre-petition state court action originally filed by Debtor Angstrom Aluminum Castings Texas, LLC ("AAC-Texas" or "Debtor") in the District Court for the 146th Judicial District of Bell County, Texas, styled *Angstrom Aluminum Castings Texas, LLC v. Tesla, Inc.*, Cause No. 26DCV363291 (the "State Court Action").

2. Alternatively, the District Court should exercise its discretion to withdraw the reference of this Adversary Proceeding because the District Court is currently presiding over an action involving the same and/or affiliated parties, same counsel, same subject matter—Tesla's tooling and equipment (the "Tooling")—and substantially overlapping claims, facts, and legal issues. Indeed, the District Court has already conducted extensive proceedings, including a four-hour evidentiary hearing with hundreds of pages of underlying evidentiary exhibits, and entered orders resolving the very same dispute over Tesla's ownership and possession of the Tooling.

3. In these circumstances, the Fifth Circuit's multifactor test for permissive withdrawal under 28 U.S.C. § 157(d) strongly favors withdrawal: (i) the Adversary Proceeding is non-core, involving pre-petition property, contract, and quasi-contract claims; (ii) withdrawal would promote uniformity in bankruptcy administration because the District Court already has

extensive experience with the underlying facts and issues; (iii) withdrawal would reduce forum shopping and confusion by preventing inconsistent rulings on overlapping issues; (iv) withdrawal would promote judicial economy as there is related litigation already pending before the District Court; and (v) Tesla's Answer in the Adversary Proceeding includes a jury demand.

**IDENTIFICATION OF ITEMS PER L. RULE 5011(B)**

4. Local Rule 5011-1(b) requires a motion to withdraw the reference to list all pleadings which may be relevant to the Court's disposition of the motion, including docket entry numbers. Those items are as follows:

a. The Voluntary Petition for Relief Under Chapter 11 filed by AAC-Texas (Bankr. Dkt. No. 1);

b. Tesla's Notice of Removal of the State Court Action (Adv. Proc. Dkt. No. 1);

c. Tesla's Original Answer and Counterclaims (Adv. Proc. Dkt. No. 5);

d. All filings in *Tesla, Inc. v. Angstrom Automotive, Inc.*, Cause No. 6:26-cv-00477-CRW-DNM, in the District Court for the Western District of Texas, Waco Division (Wolfe, J., presiding), including the Temporary Restraining Order (Dkt. No. 40) (the "TRO") and the Order Withdrawing the Reference for the Limited Purpose Relating to Tesla's Tooling (Dkt. No. 34) (the "Withdrawal Order"); and

e. All filings in the State Court Action, *Angstrom Aluminum Castings Texas, LLC v. Tesla, Inc.*, Cause No. 26DCV363291, in the District Court for the 146th Judicial District of Bell County, Texas (Adv. Proc. Dkt. No. 1, Ex. B).

**FACTUAL BACKGROUND**

**A. The Underlying Dispute Over the Tooling**

5. The Tooling, which "Tesla owns," consists of "nine sets of unique, custom-manufactured tooling designed and manufactured solely to produce components for Tesla's Cybertruck." TRO ¶¶ 8-9. In or around January 2025, Angstrom Automotive, Inc. ("Angstrom Automotive") and/or its affiliate AAC-Texas acquired a manufacturing facility in Troy, Texas (the "Anderton Facility"), and thereby obtained possession—but not ownership—of the Tooling. *See*

Federal Action, Dkt. No. 1 ¶¶ 33-34. AAC-Texas then used the Tooling to produce Cybertruck parts which it sold to Tesla. *See id.* ¶¶ 13-14. These sales were governed by a contract between Tesla and Angstrom Automotive, the August 2021 General Terms and Conditions (the "Contract"). *See id.* ¶ 33. Angstrom Automotive executed the Contract on its own behalf and on behalf of its affiliates. *See id.* Because AAC-Texas is Angstrom Automotive's affiliate, Tesla contends the Contract applied to the Anderton Facility and Tesla's Tooling therein. *See id.* ¶ 34.

6. On July 13, 2026, Angstrom Automotive informed Tesla that it intended to shut down the Anderton Facility, and refused to cooperate on an exit plan for Tesla to retrieve the Tooling. *See id*. ¶ 42. After Tesla demanded the immediate release of the Tooling, Angstrom Automotive stated in writing that it would not permit Tesla to remove its Tooling and conditioned continued operations on various alternatives including Tesla's payment of $250,000 per week—demands with no basis in the Contract. *See id.* ¶¶ 46, 48. When Tesla's retrieval team arrived at the Anderton Facility on July 21, 2026, accompanied by a law enforcement officer, on-site personnel refused to release the Tooling, stating that Angstrom Automotive's corporate leadership had instructed them to deny Tesla access. *See id.* ¶ 48.

**B. Pre-Petition Procedural History**

7. Only after receiving Tesla's demand for return of the property, on July 23, 2026, AAC-Texas filed the State Court Action against Tesla in the District Court for the 146th Judicial District of Bell County, Texas. AAC-Texas's state-court petition asserts claims for (1) promissory estoppel regarding purported promises to purchase Cybertruck parts manufactured using the Tooling, (2) ***declaratory judgment regarding ownership and possession of the Tooling***, and (3) declaratory judgment regarding the applicability of Tesla's General Terms and Conditions to the Tooling. *See* Adv. Proc. Dkt. No. 1, Ex. B-1 ¶¶ 38-72. Tesla was served with the State Court Action on July 28, 2026. *See* Adv. Proc. Dkt. No. 1 ¶ 1.

8. On July 24, 2026, Tesla filed the Federal Action against AAC-Texas's affiliate Angstrom Automotive in the U.S. District Court for the Western District of Texas, Civil Action No. 6:26-cv-00477-CRW-DNM, which was assigned to the Honorable Christopher R. Wolfe. The Federal Action concerns, among other things, Tesla's ownership of and right to possession of the Tooling then located at the Debtor's manufacturing facility. Tesla also filed a motion for temporary restraining order.

9. On July 27, 2026, Angstrom Automotive—represented by the same counsel representing AAC-Texas in the State Court Action, *cf.* Adv. Proc. Dkt. No. 1, Ex. B-1—filed a response in opposition before Judge Wolfe raising many of the same issues raised in the State Court Action, including that Tesla purportedly promised to purchase Cybertruck parts made using the Tooling, and that the General Terms and Conditions purportedly do not apply to the Tooling. *See* Federal Action, Dkt. No. 10 at 5-7, 10-12, 14, 19.

10. On July 31, 2026, the District Court held an evidentiary hearing spanning over four hours, in which it reviewed hundreds of pages of briefing and exhibits, heard live witness testimony, and considered arguments of counsel. TRO at 1. On August 3, 2026, the District Court rejected the arguments raised in Angstrom Automotive's response and entered the TRO finding that Tesla owned the Tooling, binding AAC-Texas as a party acting in concert, and ordering AAC-Texas to release the Tooling to Tesla and allow Tesla access to retrieve it. TRO ¶¶ 9, 11, 13-14.

**C. Post-Petition Procedural History**

11. On August 4, 2026, in an effort to frustrate the District Court's TRO, AAC-Texas filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Texas.

12. On August 6, 2026, Judge Wolfe held a status conference in the Federal Action, at which AAC-Texas's bankruptcy counsel appeared. Withdrawal Order at 2. The following day,

Judge Wolfe withdrew the reference as to "all issues relating to the Tesla Tooling" and found that "the automatic stay is inapplicable," permitting Tesla to retrieve its Tooling from the Debtor's facility. *Id.* at 2. Tesla retrieved its Tooling on or about August 11, 2026.

13. On August 21, 2026, Tesla removed the State Court Action to the Bankruptcy Court as a related proceeding pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027, and it was docketed as Adversary Proceeding No. 26-06013-mmp.

14. On August 28, 2026, Tesla filed in the Adversary Proceeding its Answer and Original Counterclaim, asserting counterclaims (which it will not prosecute unless and until the Court lifts the automatic stay) overlapping with its claims in the Federal Action, and demanding a jury trial on all issues in the Adversary Proceeding. Adv. Proc. Dkt. No. 5 ¶¶ 150-225.

## APPLICABLE LEGAL STANDARD

15. Bankruptcy jurisdiction is vested in the federal district courts in the first instance. 28 U.S.C. § 1334. District courts may, and this Court does, automatically refer all matters involving a case under the Bankruptcy Code to the district court's bankruptcy judges. *Id.* § 157(a); Gen. Order No. 13-01. When the district court in its discretion finds cause, it may withdraw the reference. 28 U.S.C. § 157(d). "The cumulative effect of the grant of original jurisdiction to the district court and its right to withdraw the reference in a bankruptcy case or related matter . . . leaves little doubt that the district court may exercise jurisdiction broadly." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). "[R]eference to and withdrawal from the bankruptcy court . . . is left to the discretion of the district court." *Mirant Corp. v. Potomac Elec. Power Co.*, 197 F. App'x 285, 294 (5th Cir. 2006).

16. Courts in the Fifth Circuit consider multiple factors when evaluating whether to exercise their discretion to withdraw the reference, including whether: (1) the matter is "core" or "non-core"; (2) withdrawal would "promot[e] uniformity in bankruptcy administration"; (3)

withdrawal would "reduc[e] forum shopping and confusion"; (4) withdrawal would "foster[] the economical use of the debtors' and creditors' resources" and "expedit[e] the bankruptcy process"; and (5) "there is a jury demand." *In re Prof'l Fee Matters Concerning Jackson Walker Law Firm*, 671 B.R. 53, 57 (S.D. Tex. 2025) ("*Jackson Walker*") (quoting *Holland Am. Ins.*, 777 F.2d at 999).

17. As a party to the Adversary Proceeding, Tesla may move for withdrawal of the reference. *In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732, at *2 (Bankr. S.D. Tex. June 14, 2006). This motion is "timely" within the meaning of 28 U.S.C. § 157(d) because the State Court Action was removed to this Court only recently, on August 21, 2026.

## ARGUMENT

### I. The District Court Has Already Withdrawn the Reference

18. The District Court's prior Withdrawal Order already withdrew the reference as to "***all issues relating to the Tesla Tooling.***" Withdrawal Order at 2 (emphasis added). Issues relating to the Tesla Tooling pervade this Adversary Proceeding, which includes a demand for "declaratory judgment regarding ownership and possession of the Tooling," and which also puts at issue purported promises to purchase components made with the Tooling, and the applicability to the Tooling of Tesla's Contract. The Withdrawal Order thus applies directly to the Adversary Proceeding. *See, e.g.*, *In re OCA, Inc.*, No. 08-1716, 2008 WL 4186876, at *1 (E.D. La. Sept. 10, 2008) (granting withdrawal where the instant case presented "essentially the same claims" as prior adversary proceedings that the court had already withdrawn).

### II. Alternatively, The District Court Should Exercise Its Discretion to Withdraw the Reference

19. To the extent the Withdrawal Order does not already encompass the Adversary Proceeding, the Fifth Circuit's multifactor test for permissive withdrawal under 28 U.S.C. § 157(d) strongly favors discretionary withdrawal. The threshold factor, whether the proceeding is core or

non-core, weighs decisively in Tesla's favor. All other factors likewise support withdrawal to Judge Wolfe, who is already presiding over related proceedings involving the same parties, same counsel, and substantially overlapping facts and legal issues.

**A. The Adversary Proceeding Is A Non-Core Proceeding**

20. The threshold factor favors withdrawal of the reference because the Adversary Proceeding involves only "non-core" bankruptcy matters. If a proceeding does not invoke a substantive right created by the federal bankruptcy law and could exist outside of bankruptcy, it is not a core proceeding; it may be "related to the bankruptcy because of its potential effect," but only as an "otherwise related," "non-core" proceeding. *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). The "presence of non-core claims . . . weighs in favor of withdrawal of the reference." *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011).

21. The dispute here is not a core bankruptcy matter. The claims, counterclaims, and defenses in the Adversary Proceeding arose from the parties' commercial relationship prior to the bankruptcy proceeding and do not depend on any provision of the Bankruptcy Code for their existence or resolution; rather, they are all state-law claims regarding ownership and possession of the Tooling and the enforceability of the Contract between Tesla, on the one hand, and Angstrom Automotive and its affiliates, on the other. *See* Adv. Proc. Dkt. No. 1, Ex. B-1; Adv. Proc. Dkt. No. 5. Such "pre-petition causes of action, premised on state law," are paradigmatically "non-core." *In re Legal Xtranet, Inc.*, 453 B.R. 699, 711 (Bankr. W.D. Tex. 2011).

**B. Withdrawal Would Promote Uniformity in Bankruptcy Administration**

22. The uniform-administration factor favors withdrawal when, as here, the bankruptcy court "has not focused on," and so is not "intimately familiar" with, "any procedural or substantive issues" relating to the adversary proceeding. *In re EbaseOne Corp.*, 2006 WL 2405732, at *2; *In re Taxes & Beyond LLC*, No. 20-30735, 2020 WL 13789138, at *5 (Bankr. S.D. Tex. Dec. 8, 2020)

(similar). In these circumstances, withdrawing the reference causes "no disruption in the uniformity of the bankruptcy administration." *In re EbaseOne Corp.*, 2006 WL 2405732, at *2.

23. Further, withdrawing the reference here will promote uniformity because it will avoid splitting the parties' dispute across multiple courts, and instead place the entire dispute in the District Court that has already developed substantial familiarity with it. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 486 B.R. 579, 584 (S.D.N.Y. 2013) (district court "intimately familiar" with the pre-bankruptcy dispute, having "considered numerous and contentious motions" relating to it, is "in the best position" to adjudicate the adversary proceeding). Indeed, the District Court is already familiar with the parties, their counsel, and their commercial relationship. For instance, it has already heard extensive argument and evidence on AAC-Texas's claims relating to Tesla's purported promises to purchase Cybertruck parts manufactured using the Tooling, because Angstrom Automotive raised those same purported promises in its opposition to Tesla's TRO motion. *See* Federal Action, Dkt. No. 10 at 10-11. Leaving those claims with a court that has no familiarity with the matter, while a parallel adjudication of related issues proceeds before the District Court, would undermine rather than promote uniform administration.

**C. Withdrawal Would Reduce Forum Shopping and Confusion**

24. The forum-shopping factor favors withdrawal so long as the movant is not itself forum shopping. *In re EbaseOne Corp.*, 2006 WL 2405732, at *4 (when it "would certainly be more efficient and less costly for the District Court to adjudicate the dispute once and for all," the movant "is not forum shopping, and this conclusion favors withdrawing the reference"). Far from forum shopping, Tesla seeks to ensure that this dispute is not inefficiently and confusingly parceled out across multiple fora, but rather is heard by the Court already most familiar with it.

25. Withdrawal of the reference reduces confusion when, as here, it "allow[s] all facets of these controversies affecting the same property and the same defendants to be disposed of by

one tribunal having undoubted jurisdiction and authority." *Cong. Credit Corp. v. AJC Intern., Inc.*, 42 F.3d 686, 691 (1st Cir. 1994). Because the District Court has already withdrawn the reference as to all issues relating to the Tooling, the issues central to the Adversary Proceeding are already being adjudicated by the District Court. Leaving the Adversary Proceeding in the Bankruptcy Court virtually guarantees overlapping factual findings and increases the risk of conflicting rulings. Withdrawal eliminates that risk and ensures a single, coherent adjudication of the parties' disputes.

**D. Withdrawal Would Foster Judicial Economy**

26. Withdrawal of the reference would foster "the economical use of the debtors' and creditors' resources" and "expedit[e] the bankruptcy process." *Jackson Walker*, 671 B.R. at 57. The District Court has already conducted extensive proceedings—including a four-hour evidentiary hearing—concerning the same commercial relationship at issue in the Adversary Proceeding. Requiring the Bankruptcy Court to re-develop this same factual record would waste judicial and party resources. This waste can be avoided by withdrawing the reference of all claims related to the Tooling, putting them before a Court already familiar with the underlying facts and law. *See In re Taxes & Beyond LLC*, 2020 WL 13789138, at *5 (finding judicial-economy factor favors withdrawal when it eliminates the prospect of two proceedings with potential for inconsistent findings). Further, withdrawal would expedite the bankruptcy process by removing a complex, multi-claim state law dispute from the Bankruptcy Court's docket, allowing it to focus on matters central to the administration of the estate.

**E. Tesla Has Demanded A Jury Trial**

27. Finally, it weighs in favor of withdrawal of the reference that Tesla has demanded a jury trial, has not waived its jury trial right, and has not consented to trial before the Bankruptcy Court. *See In re Taxes & Beyond LLC,* 2020 WL 13789138, at *2 (jury demand weighs in favor

of withdrawal); *In re EbaseOne Corp.*, 2006 WL 2405732, at *5-6 (same). Indeed, since bankruptcy courts lack authority to hold jury trials without consent of the parties, the reference "must" be withdrawn at some point before trial "as to claims to which the right to trial by jury attach." *See, e.g.*, *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006). "The right to a jury trial is secured if the claims asserted include at least some legal as opposed to equitable elements and monetary relief is sought." *Id.* (cleaned up).

28. Here, AAC-Texas seeks monetary relief, and its declaratory judgment claims are legal, since they are mirror images of common-law claims. *See* Tex. Civ. Prac. & Rem. Code § 37.007 (declaratory judgment claims require jury trial when the mirror image claim requires a jury trial). Further, Tesla's counterclaims are those very mirror-image common-law claims, and are for monetary relief. Thus, Tesla has a jury trial right, and has not waived that right—particularly given the "presumption against waiver" of the jury trial right. *Mirant Corp.*, 337 B.R. at 121. Since Tesla has not consented to a jury trial before the Bankruptcy Court, trial must be in the District Court, which weighs in favor of withdrawing the reference as to the entire dispute.

29. In sum, to the extent the prior Withdrawal Order does not determine the issue, the reference should be withdrawn because all relevant factors favor withdrawal.

**<u>CONCLUSION</u>**

Tesla respectfully requests that the District Court grant this motion and withdraw the reference in the above-captioned Adversary Proceeding to the Honorable Christopher R. Wolfe, U.S. District Court Judge sitting in the Waco Division of the U.S. District Court for the Western District of Texas, who is currently presiding over the related Federal Action. Tesla further requests such other and further relief as the Court deems just and proper.

August 28, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland
Texas Bar No. 24040542
jason.boland@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-3769
Facsimile: (713) 651-5246

Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Kayla Ahmed
Texas Bar No. 24136691
kayla.ahmed@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

*Counsel for Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026 a true and correct copy of the foregoing Motion was served by this Court's CM/ECF system on all parties registered to receive such notice in the above-captioned case.

*/s/ Jason Boland*
Jason Boland